FILED

2025 FEB -7 PM 3: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____ GSA

LUTHER WINSTON FORTINBERRY
300 South Olive St. Apt. 1302
Los Angeles, CA 90013
(213) 446-8971
fortinberryluther55@gmail.com
Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LUTHER WINSTON
FORTINBERRY
    Plaintiff,

vs.

GEN DIGITAL INC,
    Defendant.

Case No.: 2:25CV01084-AB (DFMx)

**COMPLAINT AGAINST FRAUD AND ABUSE**

**DEMAND FOR JURY TRIAL**

## I. The Parties to This Complaint

1. **The Plaintiff** Luther Fortinberry, is a resident of Los Angeles, CA in Los Angeles County. He is 75-year-old individual and a long-standing customer of Defendant's cybersecurity protection services. Plaintiff has utilized Norton LifeLock services for at least ten years, with his most recent purchase being the Norton 360 LifeLock Ultimate Plus plan in November 2023. The Plaintiff purchased this plan because it was advertised to provide cybersecurity fraud protection up to $50,000 and identity theft coverage up to $1,000,000.

2. **The Defendant** GEN DIGITAL INC. formerly known as NortonLifeLock Inc., is a multinational software company specializing in cybersecurity

Form prepared by Public Counsel.
© 2012, 2014, 2023 Public Counsel.
All rights reserved.
Revised: October 2023

_____1_____
COMPLAINT AGAINST FRAUD AND ABUSE

solutions. The company is co-headquartered at 60 E Rio Salado Parkway, Suite 1000 Tempe, AZ 85281 United States, as well as, Prague, Czech Republic, and operates under the NASDAQ ticker symbol **GEN**.

## II. Basis for Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 for the following allegations:

    Disability Discrimination and Refusal to Provide Reasonable Accommodation violating the Americans with Disabilities Act (ADA) of 1990 (42 U.S.C. § 12101 et seq.), Cybersecurity Fraud violating the Computer Fraud and Abuse Act (CFAA) (18 U.S.C. § 1030), Unfair and Deceptive Acts and Practices violating the Federal Trade Commission Act (FTC Act) (15 U.S.C. § 45), and False Advertisement violating the Lanham Act (15 U.S.C. § 1125)

## III. Statement of Claim

4. Plaintiff, Luther Fortinberry, is a 75-year-old individual and a long-standing customer of Defendant's cybersecurity protection services. Plaintiff has utilized Norton LifeLock services for approximately 20 years, with his most recent purchase being the Norton 360 LifeLock Ultimate Plus plan in November 2023. This plan was advertised to provide cybersecurity fraud protection up to $50,000 and identity theft coverage up to $1,000,000.

5. Defendant, GEN Digital Inc., is a corporation engaged in the business of providing cybersecurity protection and identity theft prevention services under the name "Norton LifeLock" to consumers internationally, including Plaintiff.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

6. In February 2023, Plaintiff was defrauded of at least $23,500 in Apple prepaid gift card purchases as payment to individuals who represented themselves as "Norton LifeLock Cybersecurity Detectives."

7. As a paying customer of Defendant's cybersecurity protection services, Plaintiff reasonably relied on Defendant's advertised promises of cybersecurity fraud protection, which led him to believe that communications were legitimate and that he was following Defendant's requirements to stop a cybersecurity threat.

8. The scammers induced Plaintiff to comply with their demands by claiming that his computer had been compromised, his identity was at risk, and that their instructed immediate action was necessary to prevent further harm.

9. Plaintiff suffers from a disabling mental illness that results in paranoid delusions, which are exacerbated by stress and trauma. Due to this condition, Plaintiff is particularly vulnerable to scams and fraudulent schemes. He purchased Defendant's cybersecurity protection plan precisely because of these vulnerabilities and past experiences with fraud. Plaintiff believes he was targeted and exploited for this reason by Defendant.

10. Rather than safeguarding Plaintiff, Defendant's services and alleged security measures failed to prevent, detect, or adequately respond to the fraudulent activity, effectively rendering Plaintiff more susceptible to cyber fraud.

11. Upon discovering the fraud, Plaintiff promptly reported the incident to Defendant and attempted to file a claim under the Norton 360 LifeLock Ultimate Plus plan. Defendant refused to accept or process Plaintiff's claim, failing to honor their service agreement.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

12. Defendant further failed to provide reasonable accommodation for Plaintiff's disability, subjecting him to unnecessary, burdensome, and confusing procedures not typically required for other customers.

13. Defendant exacerbated Plaintiff's exposure to cybersecurity threats and identity theft by coercing him into providing highly sensitive personal information, including his Social Security number and banking details, and requiring him to sign an agreement granting Defendant power of attorney before even considering his claim—only to subsequently deny it. Defendant told Plaintiff to ignore his power of attorney's warning not to comply with Defendant's request to do this.

14. Plaintiff has been repeatedly victimized by scams since February 2023 and believes that Defendant's software, employees, and agents either directly or negligently exposed him to cybersecurity fraud, leading to further victimization.

15. Plaintiff alleges that Defendant's employees or agents may have facilitated fraudulent activities by mishandling sensitive data and misleading customers and that Defendant has actively attempted to cover up these fraudulent activities to evade liability.

16. Following the denial of Plaintiff's claims, Defendant subjected him to further financial harm by obstructing the cancellation of his services, continuing to charge him after cancellation, and is still currently attempting to collect these unauthorized charges.

17. As a direct result of Defendant's actions, Plaintiff has suffered significant emotional distress, which has led to severe physical and mental health issues requiring treatment that he cannot afford. Additionally, Defendant's actions have interfered with Plaintiff's ability to work and supplement his limited income.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

18. Defendant's conduct has caused Plaintiff substantial financial loss, damaged his credit, and placed him in unrecoverable debt.

## IV. CLAIMS FOR RELIEF

### Count I – Breach of Contract

19. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.
20. Defendant breached the service agreement by failing to honor the coverage and protections explicitly promised under the Norton 360 LifeLock Ultimate Plus plan.
21. As a direct result of this breach, Plaintiff has suffered substantial damages.

### Count II – Violation of the Americans with Disabilities Act (ADA) and Other Disability Protections

22. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.
23. Defendant failed to provide reasonable accommodations for Plaintiff's disability, subjecting him to unnecessary procedural hurdles and exacerbating his vulnerabilities.
24. Defendant's discriminatory actions resulted in additional harm to Plaintiff.

### Count III – Negligence

Form prepared by Public Counsel.
© 2012, 2014, 2023 Public Counsel.
All rights reserved.
Revised: October 2023

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

26. Defendant owed Plaintiff a duty of care to protect his sensitive data and provide reliable cybersecurity services.

27. Defendant breached this duty by failing to prevent foreseeable fraud, mishandling sensitive information, and negligently exposing Plaintiff to further victimization.

28. As a direct and proximate result, Plaintiff has suffered significant financial and emotional harm.

Count IV – Unjust Enrichment

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

30. Defendant unjustly profited from Plaintiff's payments for cybersecurity services and possibly from the occurrence of this fraud while failing to provide the promised protections.

31. Defendant's continued charges after cancellation constitute further unjust enrichment at Plaintiff's expense.

Count V - Unfair and Deceptive Practices in Violation of 15 U.S.C. § 45

32. Plaintiff alleges and incorporates by reference all preceding paragraphs.

33. Defendant has engaged in unfair and deceptive business practices in connection with the promotion, sale, and provision of cybersecurity services. Specifically, Defendant has made false or misleading statements to Plaintiff regarding the effectiveness and security of its products and services.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

34. Defendant falsely advertised that its cybersecurity products provide comprehensive protection from all forms of cyber threats, including but not limited to malware, ransomware, and unauthorized access. In truth, Defendant's cybersecurity software contained significant vulnerabilities and was unable to effectively detect or prevent breaches that it claimed to protect against.

35. Defendant's conduct constitutes an unfair method of competition by misleading Plaintiff about the safety and security of its cybersecurity products. By falsely representing the capabilities of its services, Defendant undermines trust in the cybersecurity market, endangering Plaintiff and potentially other consumers, businesses, and the public from potential cyberattacks and breaches.

36. Defendant's actions, including the use of deceptive marketing materials, failure to disclose known security flaws, and continued advertising of ineffective products, are unfair and deceptive acts or practices that violate 15 U.S.C. § 45. These actions have caused harm to the Plaintiff by leading them to purchase products they believed would protect their sensitive information, when, in fact, these products exposed them to increased risk of cyber threats.

37. Defendant's conduct directly affects interstate commerce as it involves the marketing, sale, and distribution of cybersecurity services and products across state lines, which has impacted Plaintiff and potentially other consumers.

38. As a result of Defendant's unfair and deceptive acts and practices, Plaintiff has been harmed through data breaches, identity theft, and financial loss. Additionally, because of relying on Defendant's faulty products Plaintiff has suffered credit and reputational damage and operational disruption in business.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

## Count VI - False Advertising in Violation of 15 U.S.C. § 1125(a) of the Lanham Act

39. Plaintiff alleges and incorporates by reference all preceding paragraphs.

40. Defendant has engaged in false advertising in violation of 15 U.S.C. § 1125(a) by making false or misleading statements about the quality, capabilities, and performance of its products and services. Specifically, Defendant has made false claims in its advertisements and marketing materials which misled Plaintiff into believing that Defendant's product/service has capabilities that it does not possess.

41. Defendant has explicitly advertised that its service offers protection from cybersecurity fraud and covers up to at least $50,000 in the incident of becoming a victim of cybersecurity fraud. In reality, Defendant's service does not meet these claims. For example, the Defendant initially refused to even allow the Plaintiff to file the claim when it was reported. When Defendant finally did agree to process a claim months later, it was subsequently denied.

42. The false advertisements and representations made by Defendant were material to Plaintiff's purchasing decision, as they relied on the assumption of accurate and truthful information when choosing between products in the marketplace. Defendant's false advertising caused Plaintiff to purchase products or services they would not have otherwise purchased had they known the true nature of Defendant's offerings.

43. As a result of Defendant's false advertising, there was a likelihood of confusion for Plaintiff regarding the nature, characteristics, and qualities of Defendant's service. Plaintiff was led to believe that Defendant's

Form prepared by Public Counsel.
© 2012, 2014, 2023 Public Counsel.
All rights reserved.
Revised: October 2023

service is superior to other products in the marketplace, even though it fails to live up to its advertised claims.

44. Plaintiff alleges Defendant knowingly made these false representations with the intent to deceive consumers and gain an unfair competitive advantage in the marketplace. By promoting misleading advertisements, Plaintiff claims Defendant has engaged in a pattern of conduct designed to exploit consumer trust and capture market share based on deceptive practices.

45. Defendant's false advertisements and misrepresentations have affected interstate commerce by influencing consumers and businesses across state lines to purchase Defendant's product or service under false pretenses.

46. As a direct result of Defendant's false advertising, Plaintiff has been harmed, including financial loss, wasted time and effort, and the purchase of ineffective or substandard products and services. Additionally, competitors offering truthful and accurate products have been unfairly disadvantaged by Defendant's misleading claims causing Plaintiff to purchase Defendant's services instead of a potentially more efficient one.

## V. Relief

47. **Wherefore**, Plaintiff/Defendant respectfully requests that this Court grant the relief requested, and for such other and further relief as the Court deems just and proper:

48. Compensatory damages in an amount to be determined at trial, including but not limited to financial losses, emotional distress, and medical expenses;

49. Punitive damages for Defendant's willful misconduct and gross negligence;

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

50. An injunction requiring Defendant to implement reasonable cybersecurity and fraud prevention measures;

51. An injunction requiring Defendant to provide appropriate accommodations for customers with disabilities;

52. Restitution for all unjustly obtained fees and charges; and

53. Attorneys' fees and legal costs.

Respectfully Submitted,

*Luther Winston Fortinberry*

Luther Winston Fortinberry, Pro Se Plaintiff

02-07-2025
Date

300 South Olive Street Apt. 1302
Los Angeles, CA 90013

Form prepared by Public Counsel.
© 2012, 2014, 2023 Public Counsel.
All rights reserved.
Revised: October 2023

10
COMPLAINT AGAINST FRAUD AND ABUSE